Filed 12/6/22 P. v. Ly CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HUNG LY,<br><br>    Defendant and Appellant. | G061553<br><br>(Super. Ct. No. C69210)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge. Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The trial court denied defendant Hung Ly's Penal Code section 1170.95 petition seeking to vacate his two murder convictions and to be resentenced (now Pen. Code, § 1172.6).[1] The court denied the petition at the prima facie stage because "the jury was not instructed with a natural and probable consequences doctrine, and it was not a felony murder case, and there were no felony murder instructions."

Ly filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Ly did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Flores* (2020) 54 Cal.App.5th 266, 268.) Thus, we affirm the order of the trial court.

I

PROCEDURAL HISTORY

In 1989, Ly and two codefendants were convicted of two counts of first degree murder, four counts of attempted murder, and one count of conspiracy to commit murder. The jury found true an allegation that one of the codefendants personally used a firearm. The jury also found true that Ly and another codefendant were each armed with a firearm. This court affirmed the convictions as modified. (*People v. Nguyen et al.* (Nov. 15, 1991, G009447) [nonpub. opn.].)

In August 2021, Ly filed an initial postjudgment petition seeking to vacate his two murder convictions, and a later petition seeking to vacate his attempted murder convictions. (§ 1172.6.) The prosecution filed responses, which included a copy of the information, the jury instructions used in the 1989 trial, a copy of the verdict forms, and

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

the underlying unpublished opinion.

As to murder counts, the prosecution opposed the motion. The prosecution argued, "the jury was not instructed under either the natural and probable consequences doctrine or the felony murder rule." As to the attempted murder counts, the prosecution conceded that Ly was entitled to an order to show cause and an evidentiary hearing because "the jury was given a natural and probable consequences instruction applicable to those charges."

In July 2022, the court conducted a prima facie hearing and denied Ly's petition as to the murder counts but issued an order to show cause as to the attempted murder counts. Ly's trial counsel filed a notice of appeal on defendant's behalf.

## II

## DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, based on our independent review of the record, we have similarly found no arguable issues. (See *Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3.) As to the two murder convictions, the absence of instructions on the natural and probable consequences doctrine and/or the felony-murder rule confirm Ly is ineligible for relief under section 1172.6 as a matter of law and the trial court properly denied the petition at the prima facie stage. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

3

## III

## DISPOSITION

The order is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

GOETHALS, J.

DELANEY, J.